UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER JONATHAN,

              Plaintiff,

      v.

STEVEN TERNER MNUCHIN,

              Defendant.

Case No.  17-mc-80054-SK

**ORDER TO SHOW CAUSE**

Regarding Docket No. 1

On May 5, 2017, Plaintiff Christopher Jonathan, proceeding *pro se[1]*, filed a miscellaneous matter entitled "Libel in Review – Garnishment in Admiralty Certificate of Exigent Circumstances." Plaintiff has not consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). As set forth below, the basis for federal jurisdiction of this matter, as well as the action sought by Plaintiff from the Court, are unclear.  Therefore, Plaintiff is ordered to show cause in writing by no later than **June 30, 2017** setting forth: (1) the basis for asserting jurisdiction in the federal district court; (2) the action sought from the district court; and (3) the legal basis for such action.  Failure to comply with this Order may result in a request for reassignment to a district court judge accompanied by a report and recommendation that the action be dismissed.

Federal courts are under a duty to raise and decide issues of subject matter jurisdiction *sua sponte* any time it appears subject matter jurisdiction may be lacking or that the action is frivolous. Fed.R.Civ.P. 12; 28 U.S.C. § 1915(e)(2); *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94 (1998) (holding that when a court determines that it lacks subject matter jurisdiction its only remaining function is to declare the fact and dismiss the action).  An action is frivolous where "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

---

[1] Plaintiff files in his own name, but signs the document as "Christopher Jonathan – Trustee of the Resulting Trust." Plaintiff must clarify his relationship to the trust and the role the trust plays in this matter.

United States District Court
Northern District of California

If a matter fails to allege that a plaintiff's constitutional or statutory rights have been violated, and no basis exists for the exercise of federal subject matter jurisdiction, there is no "arguable basis in law" under *Neitzke* and the court on its own initiative may decline to permit the plaintiff to proceed and may dismiss the action under section 1915(d).  *Cato v. United States,* 70 F.3d 1103, 1106 (9th Cir. 1995).  Furthermore, where the filing is "wholly lacking merit, is 'clearly baseless,' 'fanciful,' or 'delusional' it may be dismissed as frivolous."  *Borhani v. The Whole World,* 2006 WL 1214861, at *1 (N.D. Cal. May 5, 2006) (quoting *Denton v. Hernandez,* 504 U.S. 25, 32 (1992)).

The pleading filed by Plaintiff at Docket 1 is confusing.  Plaintiff alleges that he received a summons in the mail indicating that he is being sued in the California Superior Court.  He appears to question the authority of the state court and seeks to redact signatures of judges and to garnish the salary of the Secretary of the United States Treasury.  Attached to the pleading are a summons issued against Chris Stevenson by the Solano County Superior Court and a complaint filed in that court by Capital One Bank (USA), N.A. against the Chris Stevenson, among other documents.

Federal district courts are courts of original jurisdiction and lack subject matter jurisdiction to review errors allegedly committed in state court.  *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416 (1923); *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 482 (1983).  The *Rooker-Feldman* doctrine provides that district courts lack jurisdiction to review the final determinations of state courts in state court proceedings.  *See, e.g., Branson v. Nott,* 62 F.3d 287, 291 (9th Cir. 1995).  Thus, Plaintiff may not seek review of the actions of the Solano County Superior Court from this Court.  The proper court to review of a final state court decision is the United States Supreme Court.  28 U.S.C. § 1257; *Rooker,* 263 U.S. at 416; *Feldman,* 460 U.S. at 476.

Further, Plaintiff, appearing *pro se,* appears to represent another individual, Chris Stevenson.  Unless Plaintiff is a licensed attorney, he is not permitted to enforce the rights of another party.  Therefore, Plaintiff may not bring claims on behalf of Chris Stevenson.

The Court advises Plaintiff that a *Handbook for Pro Se Litigants* contains helpful information about proceeding without an attorney and is available through the Court's website or in the Legal Help Center.  Plaintiff may call the Legal Help Center at 415-782-8982 or sign up on

the 15th Floor of the San Francisco Court House, Room 2796 or on the 4th Floor of the Oakland

Courthouse, Room 470S, for a free appointment with an attorney who may be able to provide

basic legal help, but not legal representation.

**IT IS SO ORDERED**.

Dated: May 31, 2017



_____
SALLIE KIM
United States Magistrate Judge

United States District Court
Northern District of California

3